IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SUNTRUST BANK** <br><br>                    **Plaintiff,** <br><br> v. <br><br> **G.R. AUTO SUPPLY, INC., G. RPM AUTO SUPPLY, INC., and GLENN A. RUTHERIG** <br><br>                    **Defendants.** | 1:07-cv-1061-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Suntrust Bank's ("Suntrust") Motion for Default Judgment [12].

Suntrust filed a complaint alleging breach of loan and guaranty contracts on May 9, 2007. The complaint was served on all defendants on May 10, 2007 and return of service was executed and filed with the Court on May 29. Defendants' answers were due on May 30, 2007. Defendants did not file an answer or any other responsive pleading by May 30. On May 31, 2007, the clerk entered default against Defendants G. RPM Auto Supply, Inc. ("G. RPM") and Glenn A. Rutherig ("Rutherig"). These Defendants have not responded to the Clerk's Entry of Default.

Also on May 31, Suntrust filed a notice that Defendant G.R. Auto Supply, Inc., ("G.R.") had entered into a Chapter 11 bankruptcy proceeding in the Eastern District of New York. Suntrust does not contest that G.R.'s bankruptcy petition stays this case as to G.R. pursuant to 11 U.S.C. § 362. G.R.'s bankruptcy filing does not stay this case as to co-debtor defendants G. RPM or Rutherig, because the debt at issue is commercial, not consumer. 11 U.S.C. § 1201. See also In re La Flamme, 13 B.R. 278 (Bnkrptcy. Ga. 1981). The Court may therefore entertain Suntrust's motion for default judgment against G. RPM and Rutherig.

Rule 55 of the Federal Rules of Civil Procedure vests the Court with discretion to determine whether default judgment should be entered. See Fed. R. Civ. P. 55(b)(2). In exercising its discretion, the Court reviews a variety of criteria, including whether the Court has subject matter and personal jurisdiction, and whether the allegations of the complaint state a cause of action. See, e.g., Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir. 1997). "[T]he district court must ensure that the well-pleaded allegations in the complaint, which are taken as true . . . actually state a substantive cause of action and that there is a substantive, efficient basis in the pleadings for the particular relief

sought." Tyco Fire & Sec., LLC v. Hernandez Alcocer, 2007 U.S. App. LEXIS 3853, *8 (11th Cir., Feb. 22, 2007).

The Court finds that it has diversity jurisdiction over the parties in this suit. The Court further finds that the parties consented to personal jurisdiction in this court by agreeing in the loan contract to have all disputes heard in Georgia. The Court also finds that Suntrust has established substantive causes of action for breach of contract and has established that Rutherig and G. RPM are guarantors of the defaulted loan.

The Court further finds that damages in this matter are in a sum certain. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002). Damages, including pre-judgment interest and attorneys fees, are calculated as required by the loan agreement. No questions of fact appear to exist regarding the damages amounts.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Suntrust Bank's Motion for Default Judgment [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment against G. RPM Auto Services, Inc. and Glenn A. Rutherig is entered in the following amounts:

1. $414,462.67 unpaid loan principal;

2. $13,333.20 in pre-judgment interest calculated at 11.4% *per annum*, as prescribed by the loan agreement; and

3. $62,169.40 in attorneys fees, calculated as a flat rate of 15% of the unpaid amount, as prescribed by the loan agreement and authorized by O.C.G.A. § 13-1-11.[1]

**SO ORDERED**, this 30th day of July, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Suntrust requests $63,936.37 in attorneys fees. The contract provides that attorneys fees will be calculated as 15% of the "unpaid amount." The $63,936.37 Suntrust requests is 15% of the unpaid loan principal of $414,462.67 plus 15% of the pre-judgment interest amount of $11,779.82 requested at the time of the complaint. The disbursement note appears to use "unpaid amount" to refer to the unpaid principal amount. Suntrust has not presented any argument to support its inclusion of pre-judgment interest in the "unpaid amount" used to calculate attorneys fees. Accordingly, the Court calculates attorneys fees from the unpaid principal amount, and reaches $62,169.40.